PER Curiam.
This action was originally brought against three indorsers of a promissory note. A discontinuance was taken against two, and Hughes made default. The process was returned “executed” generally, and at a term subsequent to the judgment, the sheriff moved to amend his return, on his affidavit that he executed the process as to Hughes, by leaving a copy at the Commercial Bank of Manchester, with some person in the bank; and Hughes made affidavit that the bank was not his place of residence, and thereupon the court allowed the return to be amended according to the facts, which made it a defective return. To this decision, Lapice by his counsel took exceptions, and brought his writ of error. Hughes also prosecutes his writ of error to reverse the judgment taken on default, in consequence of the defective return. Thus it will be seen, that both cases must turn upon the right of the sheriff to amend his return.
The general right in the sheriff to amend his return, by the permission of the court, is not questioned ; but it is contended, that an application comes too late after the return term, and the case of Dorsey v. Peirce, 5 How. 173, is relied on in support of this position. The decision is to that effect, and it does .not stand alone. The same question was directly raised, and fully considered in the case of The Planters Bank v. Walker, 3 S. & M. 409, and we there held that an application of this kind comes too late after judgment. In such cases, the party must seek redress by his action for a false return. This application was made after judgment, under which'rights had been acquired, and we must adhere to the rule by holding that the application was not made in time. The consequence is, that the judgment against Hughes will be affirmed, and the judgment allowing the amendment reversed.